IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LINCOLN APARTMENT MANAGEMENT LP, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:14-CV-0052-TWT-WEJ |
| v. | : | |
| | : | |
| FIVE START LOGISTICS and *all other occupants*, | : | |
| | : | |
| Defendants. | : | |

**ORDER AND**
**<u>FINAL REPORT AND RECOMMENDATION</u>**

It appears that defendants Five Star Logistics and all other occupants, including Percy Coker, seek to remove a dispossessory action from the Magistrate Court of Fulton County, Georgia.  (<u>See</u> Pet. for Removal [1-1].)  This matter is before the Court on Mr. Coker's Application to Proceed in District Court without Prepaying Fees or Costs [1].

Mr. Coker has completed the application on behalf of himself and is attempting to represent his interests and those of Five Start Logistics.  Corporations are ineligible to proceed in forma pauperis ("IFP").  <u>Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council</u>, 506 U.S. 194, 206 (1993).  Likewise, they may not proceed <u>pro se</u> and must be represented by counsel.  <u>Palazzo v. Gulf Oil Corp.</u>, 764 F.2d 1381, 1385 (11th Cir. 1985).  This rule applies even where the individual seeking to represent the

corporation is an officer or major stockholder. Id.  Thus, for the purposes of remand only, the undersigned **GRANTS** the IFP Application, but **RECOMMENDS** that this matter be **REMANDED**.

Attached to the Petition for Removal is a "Proceeding Against Tenant Holding Over" [1-1] issued by the Magistrate Court of Fulton County.  In the Petition for Removal, Mr. Coker appears to indicate that he is a resident of Atlanta and alleges that the state court proceeding violates the United States Constitution and various federal laws.  (Pet. for Removal ¶¶ I-II.)

A party who removes a state court case to federal district court pursuant to 28 U.S.C. § 1441 must prove that the court possesses "original jurisdiction." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936).  Moreover, removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand. See Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  The removing party has the burden of demonstrating the propriety of removal, Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996), and federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking, Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003).

Original jurisdiction arises if there is diversity of parties or a federal question. 28 U.S.C. § 1441(a)-(b).  However, § 1441(b)(2) bars removal on the basis of diversity

2

if the "defendant[] is a citizen of the State in which [the] action is brought." Id. § 1441(b). Likewise, unless a "substantial" federal question is presented on the face of the state court complaint, the case does not arise under federal law. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997). Neither a defendant's answer nor a notice of removal may be used to establish federal question jurisdiction. Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Buice v. Buford Broad., Inc., 553 F. Supp. 388, 389 (N.D. Ga. 1983).

Because defendants appear to be Georgia domiciliaries,[1] the Court does not have diversity jurisdiction over this Fulton County dispossessory action. Likewise, the Proceeding Against Tenant Holding Over indicates no federal question against any of the defendants. Plaintiff, Lincoln Apartment Management LP, cannot be subjected to federal jurisdiction after having filed for dispossession solely on state law grounds in state court. Accordingly, because defendants have failed to demonstrate any lawful basis for removal of the action, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Fulton County pursuant to 28 U.S.C. § 1446(c)(4).

---

[1] Notably, Mr. Coker's Atlanta address is the same as that of Five Star Logistics. (See Proceeding Against Tenant Holding Over.)

## IV. CONCLUSION

For the reasons set forth above, the undersigned **GRANTS** the Application to Proceed in District Court without Prepaying Fees or Costs [1] for the limited purpose of remand, and **RECOMMENDS** this case be **REMANDED** to the Magistrate Court of Fulton County, Georgia.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 10th day of January, 2014.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE